UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAMANTHA NIEVES,

                        Plaintiff,

          - against -

THE CITY OF NEW YORK, STEVEN LOPEZ,
JOHN TANCREDI, CHRISTOPHER ENG, and
"JOHN DOE" #1 - 6, Individually and in Their
Official Capacities,

                       Defendants
------------------------------------------------------------------x

14CV5861(CBA)(SMG)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiff, by her attorney, Eugene M. Bellin, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Samantha Nieves by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

      2. Samantha Nieves is a citizen of the United States who, on December 10, 2013, was a guest in the premises at 43 Ebbitts Street, Staten Island, New York, when defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1-6, who were New York City police officers, forcibly entered the premises pursuant to a search warrant, arrested the plaintiff and handcuffed the plaintiff, subsequently transported the plaintiff to the 122nd Precinct, subjected the plaintiff to a pat-down search, imprisoned the plaintiff for several hours, caused the plaintiff to be transported to Staten Island Central Booking, and prosecuted the plaintiff on false criminal charges of Criminal Possession of a Weapon in the 3rd Degree, Criminal Possession of a Firearm, Criminal Possession

of a Weapon in the 4th Degree, Unlawful Possession or Disposition of Rifles or Shotguns, Endangering the Welfare of a Child, Possession of Ammunition, and Unlawful Possession of Marijuana. The plaintiff was imprisoned on the false criminal charges until December 17, 2013. The criminal charges against the plaintiff were dismissed on January 7, 2014. The actions of the police officers were the result of policies and practices adopted by defendant The City of New York to arrest all persons present at the execution of a search warrant and to arrest individuals for possession of contraband without probable cause to support the arrests.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendants Steven Lopez and Christopher Eng can be located within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Samantha Nieves is a citizen of the United States who resides in the County of Queens, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Steven Lopez is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Steven Lopez was acting within the scope of his employment by defendant The City of New York.

11. Defendant John Tancredi is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant John Tancredi was acting within the scope of his employment by defendant The City of New York.

13. Defendant Christopher Eng is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Christopher Eng was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1 - 6 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe" #1 - 6 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On March 3, 2014, and within ninety days of the accrual of the causes of action herein, plaintiff Samantha Nieves served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

18. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On December 10, 2013, plaintiff Samantha Nieves was a guest in the premises located at 43 Ebbitts Street, Staten Island, New York.

21. On December 10, 2013, defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 entered the premises located at 43 Ebbitts Street, Staten Island, New York.

22. Upon entering the premises at 43 Ebbitts Street, Staten Island, New York, three of the individual defendants arrested plaintiff Samantha Nieves, handcuffed her, and removed her from the premises.

23. Plaintiff Samantha Nieves was placed in a motor vehicle, where she was detained while the individual defendants searched the premises at 43 Ebbitts Street.

24. The individual defendants did not have a warrant authorizing the arrest of plaintiff Samantha Nieves.

25. Two of the individual defendants subsequently transported plaintiff Samantha Nieves to the 122nd Precinct, where she was imprisoned.

26. At the 122nd Precinct, plaintiff Samantha Nieves was subjected to a pat-down search.

27. Plaintiff Samantha Nieves was subsequently transported to Staten Island Central Booking, where she continued to be imprisoned.

28. On information and belief, on December 10 or December 11, 2013, defendant Steven Lopez falsely informed an assistant district attorney in the office of the Richmond County District Attorney that plaintiff Samantha Nieves resided in the premises at 43 Ebbitts Street, that she had been in possession, dominion and control of various firearms, ammunition, other weapons and marijuana found in that premises, and that she had endangered the welfare of her two children by possessing the weapons found in the premises.

29. On December 11, 2013, defendant Steven Lopez instituted a criminal proceeding against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, accusing plaintiff Samantha Nieves of the crimes of Criminal Possession of a Weapon in the 3rd Degree, Criminal Possession of a Firearm, Criminal Possession of a Weapon in the 4th Degree, Unlawful Possession or Disposition of Rifles or Shotguns, Endangering the Welfare of a Child, Possession of Ammunition, and Unlawful Possession of Marijuana.

30. Following arraignment in the criminal proceeding instituted by defendant Steven Lopez, plaintiff Samantha Nieves was imprisoned in lieu of bail.

31. Plaintiff Samantha Nieves remained imprisoned until December 17, 2013, when she was released on her own recognizance.

32. On January 7, 2014, the charges against plaintiff Samantha Nieves were dismissed on motion of the District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. §1983

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as

though the same were set forth fully herein.

34. The seizure, arrest, detention and imprisonment of plaintiff Samantha Nieves were made without any warrant or other legal process directing or authorizing her seizure, arrest, detention or imprisonment.

35. The charges upon which defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 arrested plaintiff Samantha Nieves were false.

36. The charges were made by defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 against plaintiff Samantha Nieves with knowledge that they were false.

37. Plaintiff Samantha Nieves was aware of her seizure, arrest, detention and imprisonment by defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6.

38. Plaintiff Samantha Nieves did not consent to her seizure, arrest, detention or imprisonment.

39. As a result of the foregoing, plaintiff Samantha Nieves was deprived of her liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

40. The seizure, arrest, detention and imprisonment of plaintiff Samantha Nieves deprived her of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

41. Defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 were acting under color of state law when they seized, arrested and imprisoned plaintiff Samantha Nieves.

42. Defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 deprived plaintiff Samantha Nieves of her right to be secure in her person against unreasonable searches and seizures guaranteed by Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Samantha Nieves on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The criminal charges brought by defendant Steven Lopez against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, were false.

45. The criminal proceeding instituted by defendant Steven Lopez against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, was instituted by defendant Steven Lopez with knowledge that the charges were false.

46. The criminal proceeding instituted by defendant Steven Lopez against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, was instituted without probable cause to believe that the plaintiff had committed the offenses charged.

47. Defendant Steven Lopez was acting with malice when he instituted the criminal proceeding against plaintiff Samantha Nieves.

48. The criminal proceeding instituted by defendant Steven Lopez against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, was terminated in plaintiff Samantha Nieves's favor.

49. As a result of the criminal proceeding instituted by defendant Steven Lopez against plaintiff Samantha Nieves, the plaintiff was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and was incarcerated for six days following her arraignment on the false criminal charges.

50. Defendant Steven Lopez was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Richmond County District Attorney that plaintiff Samantha Nieves resided in the premises at 43 Ebbitts Street, that she had been in possession, dominion and control of various firearms, ammunition, other weapons and marijuana found in that premises, and that she had endangered the welfare of her two children by possessing the weapons found in the premises.

51. Defendant Steven Lopez was acting under color of state law when he instituted a criminal proceeding against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond.

52. Defendant Steven Lopez deprived plaintiff Samantha Nieves of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Samantha Nieves on false criminal charges.

### COUNT THREE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

54. The acts complained of were carried out by defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 in their capacities as police officers and employees of

defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 8 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

56. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

57. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and searches;

   (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

58. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

59. The seizure, arrest, detention, imprisonment and prosecution of plaintiff Samantha Nieves resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests and searches.

60. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

61. Defendant The City of New York deprived plaintiff Samantha Nieves of her rights to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests and searches.

62. The aforesaid conduct of defendant The City of New York violated plaintiff Samantha Nieves's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT FOUR
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

63. Plaintiff incorporates by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Steven Lopez, John Tancredi, Christopher Eng and "John Doe" #1 - 6 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

65. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

66. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

67. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

68. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Samantha Nieves would be violated.

69. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Samantha Nieves.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate

complaints against police officers for violating civil rights and to take appropriate remedial action.

71. Defendant The City of New York deprived plaintiff Samantha Nieves of her rights to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure, arrest, imprisonment and prosecution of plaintiff Samantha Nieves.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. Defendants Steven Lopez, John Tancredi, Christopherr Eng, "John Doe" #1 - 6 and the City of New York committed an assault and battery on the person of plaintiff Samantha Nieves in the course of handcuffing the plaintiff.

74. As a result of the foregoing, plaintiff Samantha Nieves experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

75. Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76. Defendants Steven Lopez, John Tancredi, Christopher Eng, "John Doe" #1 - 6 and the City of New York committed an assault and battery on the person of plaintiff Samantha Nieves in the course of subjecting the plaintiff to a pat-down search at the 122nd Precinct.

77. As a result of the foregoing, plaintiff Samantha Nieves experienced physical and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW FALSE IMPRISONMENT

78. Plaintiff incorporates by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79. Defendants Steven Lopez, John Tancredi, Christopher Eng, "John Doe" #1 - 6 and The City of New York falsely imprisoned plaintiff Samantha Nieves by seizing, arresting and imprisoning the plaintiff on false criminal charges.

80. As a result of the foregoing, plaintiff Samantha Nieves was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

81. Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. The institution of a criminal proceeding against plaintiff Samantha Nieves in the Criminal Court of the City of New York, County of Richmond, based on false criminal charges by defendants Steven Lopez and The City of New York constituted malicious prosecution.

83. As a result of the criminal proceeding instituted by defendants Steven Lopez and the City of New York against plaintiff Samantha Nieves, the plaintiff was subjected to mental and

physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Dated: New York, New York
       February 19, 2015

_Eugene M. Bellin_
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
EMBellin@aol.com
(212) 267-9100